UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GATOR MITCHELL | CIVIL ACTION |
| VERSUS | NO. 16-14432 |
| LEON CANNIZZARO, JR. | SECTION "R" (4) |

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**.

I.      **Factual and Procedural Background**

The plaintiff, Gator Mitchell ("Mitchell"), is an inmate housed at the B.B. (Sixty) Rayburn Correction Center in Angie, Louisiana at the time of the filing of this *pro se* and *in forma pauperis*, complaint under 42 U.S.C. § 1983. Mitchell filed this complaint against District Attorney Leon Cannizzaro, Jr. R. Doc. 10, p. 1.

Mitchell has filed this suit seeking to have his name changed. *Id.* In particular, Mitchell wishes to change his name to Michael Abraham Leebramann. *Id.* at p. 3. In support of his request, the Defendant cites the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb-1 through 2000bb-4. *Id.* at p. 1. The Defendant also cites La. Stat. Ann.§ 13:4751 (2015), which lays out the process for a petition for name change.

II.     **Standard of Review for Frivolousness**

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous

nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III. Analysis**

Mitchell has filed this action seeking to change his name. R. Doc. 10, p. 1. He has named District Attorney Leon Cannizzaro, Jr. as a defendant in this case citing La. Stat. Ann.§ 13:4751. *See* La. Stat. Ann.§ 13:4752 (noting that District Attorney shall represent the state in proceedings for name change). However, because Mitchell has not stated a cognizable claim under § 1983, his claims must be dismissed.

To recover under § 1983, a plaintiff must prove both the constitutional violation and that the action was taken by a "person" under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S.

149, 156 (1978); *Polk County v. Dodson*, 454 U.S. 312 (1981). Here, however, Mitchell has not presented a violation of a constitutional right for this Court to consider.

"There is no federal subject matter jurisdiction to entertain a petition for change of name. Said requests are generally made to the state courts, which have either statutory or common law jurisdiction to entertain such requests." *Norsworthy v. Beard*, 2014 WL 1477401, at *2 (N.D. Cal. Apr. 15, 2014), *subsequent determination* 87 F. Supp. 3d 1104 (N.D. Cal. 2015). Moreover, when the plaintiff has not alleged that he has been denied the right to change his name, the Plaintiff has failed to state a cognizable constitutional claim. *See Hinz v. Torres*, 985 F.2d 573, 1993 WL 22204 (9th Cir. 1993) (unpublished table decision) ("[Plaintiff] has not been denied the right to change his name. . .Thus, the district court did not err in dismissing, sua sponte, [Plaintiff]'s action."); *see also Pressley v. United States*, 818 F.2d 861, 1987 WL 37415 at *1 (4th Cir. 1987) (unpublished table decision) ("While [Plaintiff] seeks a federal declaratory judgment to change his name, the district court had no authority to award such relief. The procedure for filing name-change petitions is a matter of state law. Under the circumstances of this case, we agree that no federal constitutional right was implicated.").

Here, Mitchell has not alleged that he has been denied the right to change his name. Nor has he alleged that he has attempted to follow the available state procedure to do so.[1] Moreover, this Court has no authority to award such relief. "Should [Mitchell] pursue the state court name change procedures, and be denied a name change under color of state law, perhaps he will be able to state a claim." *Pressley*, 818 F.2d 861, 1987 WL 37415 at *1. However, he has not done so at this time. As such, Mitchell has failed to state a non-frivolous claim which would entitle him to

---

[1] The Court notes that Mitchell likely misunderstood La. Stat. Ann.§ 13:4751. Under § 13:4751, a person incarcerated in a penal institution seeking to change his name must present a petition "to the district court of the parish in which he was sentenced." Mitchell should have filed the petition in the appropriate *state* district court and not the *federal* district court.

relief under § 1983 and his claims should be dismissed with prejudice.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Gator Mitchell's § 1983 claims against Leon Cannizzaro, Jr. be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 22nd day of December, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.